IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David G. Hayden,                                                       Case No. 3:11-CV-1847

          Plaintiff

   v.                                                                                    ORDER

Transportation Security Administration,

          Defendant

     This case involves an allegation by plaintiff, David Hayden, that defendant, the Transportation Security Administration (TSA), removed a pair of eyeglasses from his luggage during a search in his absence. Plaintiff filed a claim through proper TSA administrative channels with no results. He then brought this suit.

     Jurisdiction is proper under 28 U.S.C. § 1441.

     Pending is defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). [Doc. 8]. For the reasons that follow, I grant defendant's motion.

**Background**

     On October 2, 2010, plaintiff returned from a business trip. After inspecting his belongings, he discovered that defendant's agents had opened and inspected his luggage. Plaintiff noticed that a pair of Masaki Matsusama eyeglasses was missing. He spent the next few days inspecting the rest of his belongings. Not finding the glasses, he concluded that defendant was responsible for their loss. Plaintiff also called his traveling companion, Stefanie Reed, who had no knowledge of the glasses' location.

     On October 12, 2010, plaintiff contacted the Fort Lauderdale airport security office. He filed a "lost items" claim with defendant's representative. In December, 2010, Donna Kane, a representative for defendant, contacted him, and gave him a TSA control number that would allow

him to track his claim. In February, 2011, Phyllis Davis, another TSA representative, contacted plaintiff telling him that TSA was denying his claim. Plaintiff's complaint alleges TSA negligently handled and subsequently lost his property.

## Standard of Review

A claim survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, *supra*, 556 U.S. at 678 (citing *Twombly*, *supra*, 550 U.S. at 557) (internal quotation omitted).

I must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## Discussion

Plaintiff claims TSA could be responsible for the damage he suffered, but makes no effort to establish conclusively any act for which a jury could find TSA liable. The claim fails to rise to a level of plausibility necessary for it to survive. While a pleading need not include detailed factual allegations, it must contain more than a mere allegation that defendant harmed the plaintiff. *Twombly*, 550 U.S. at 555.

Plaintiff must bring a claim which on its face is plausible enough to create some causal link between defendant's action and plaintff's damage. *Id.* at 556. To do so, the complaint must contain facts that, on their own, make the claim probable.

TSA searched his luggage in his absence; without further information, plaintiff cannot plausibly suggest that the TSA caused his loss. In addition, several people handled his (presumably unlocked) baggage between its delivery to airline employees and its return to plaintiff.[Doc. 8-1]. That plaintiff contacted his travel companion shows he was not certain that defendant was responsible for his loss. Plaintiff waited, moreover, for ten days after discovering his glasses were not in his suitcase.

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, *supra*, 556 U.S. at 678 (internal quotes and citations omitted). It is not enough to simply say that defendant searched my baggage; ergo,
it is liable for my lost glasses.

The complaint simply alleges that the glasses were misplaced during the TSA inspection. It does not, however, contain any facts that would support something more than an inference that one or more TSA agents might possibly have behaved in a legally actionable way. It contains only an assertion of blame, allegation of negligence, and legal conclusion of liability.

I grant defendant's motion, and dismiss plaintiff's claim with prejudice.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT: defendant's motion to dismiss the plaintiff's complaint [Doc. 8] be, and the same hereby is granted.

So ordered.

s/James G. Carr
Sr. United States District Judge